The next case on the calendar is Trusted Media Brands v. United States. May it please the Court, my name is Cliff Elgarten, I represent Appellant Trusted Media. The IRS is bound by its regulation which identifies which statute of limitations applies, and the law, an unbroken stream of case law, and the dictionary tells us how to apply it here. I intend, the government has made two arguments about why the statute of limitations applies. I have three points I'd like to make for each, if the Court allows it. In our opening brief, we actually responded to the District Court's somewhat different theories, and as the Court may have noticed, the agency's internal theories were different still. But I'm going to focus on the government's current arguments. Treasury Regulation 1901-1D directs . . . If you read the code, in a situation where you have a deduction, this is under subsection 2A, you have three years. Yes. Okay. And then, further reading the code, when you're talking about credits, it's ten years. Once you go to the regulations, if you look at the . . . As I read the regulation interpreting the law's carry-forward provision, carry-forward or carry-back, the regulation says three years. And as I read the regulation dealing with credits, it's ten years. The confusion in my mind arises from the regulation 26 CFR 1.901, the D period, which you everyone cites in the brief and discusses. And there's where the confusion in my mind arises. It seems to me, but for the parenthetical phrase or claim a deduction in lieu of a foreign tax credit, this would be an open and shut case, but I would agree that the inclusion of that parenthetical has had me scratching my head over the last several days. As well it should, Your Honor. Right. So, I don't know how to interpret that. Well, I could help the court interpret it because the agency is bound by its regulation. That's been the law since before I went to law school. Even if there is a conflict between the regulation and the statute, and we don't quite agree that the statute should be read as the court suggested. The statute can be read the way we suggested because you must still deal with the issue of deduction and the choice between the deduction and the credit. So we think the statute can fairly be read in the manner we suggested. But it matters not because the agency has, by regulation, created a direction, and that limitation applies. And the government does not quibble with the Accardi principle, which has been the law for a good long time, that the agency's ... Remind me of that principle. And that principle is an agency is bound by its own regulation. Taxpayer isn't. The agency is. And that's true even, as this court has said in the Singh and Montia case, but it's the law all over, even if there's a conflict with the statute, because the regulation is the law. Now, the government makes an argument, and that's my first point. The government's argument is, oh, here's how you should reconcile it. The regulation only goes to the issue of the choice between a deduction and a credit. It doesn't tell you what the refund period is. And there's a difference between the choice and the refund. And that's not a possible argument. First of all, it's an illogical argument. It's illogical because you don't say, I'm going to give you 10 years to change into a deduction, and then say, ah, you waited your 10 years, you're seven years too late. That makes no sense logically. The refund and the choice period should be the same, but you don't have to rely on logic because the statute tells us the answer to the question. 901A specifically says that the statute must be the same. And this is in my gray brief at 11. Which provision are you talking about again? 901A says, such choice for any taxable year. Is this under the rubric period of limitation? No, 901A defines the credit proposition. 26 USC 901A. It's our gray brief at 11, the red brief addendum page one, actually. I actually had to move beyond the briefs. Okay, so we're in 901A. If you look at approximately the second sentence, I think, or maybe the third. It says, such choice for any taxable year may be made or changed at any time before the expiration of the period prescribed for making the claim for refund. And it, of course, does that. It says that you can make the change in the period for the refund. And not only is the plain words the direction, but we've litigated, excuse me, taxpayers and the IRS litigated this issue for 15 years. And the premise of those litigations in each of those cases was that the refund period has to match the period for the choice. That's the government's only argument, and it is dead wrong because the refund period and the choice period have to be the same by statute. And that was true in each of those cases, Hart and Bank and the government lost. In other words, if the government wanted the three year statute, let's assume you're correct, there's plenty of ambiguity in the statutory language, the government would have said, for the credit, you get to choose the ten year period. But for the deduction, your choice has to be within the three year refund period of D3. It could have, but didn't. I think that you have some good points, but the government is also making some significant and credible arguments about the statutory language. Should it count against your interpretation, as the government argues, that it would be very difficult to administer the tax laws if you're approached to 6511 D3A? No, because it's difficult to the taxpayer, but we're happy to do that. By the way, this works both ways. The attributable language works both ways. But no, it is not a question of administrative convenience. The government announced the law. It did it quite consciously, which is my second point, after the Hart case. Do you agree with the government that there's any administrative inconvenience here? No, I don't. We have to show that it is attributable to the foreign tax credit, which is the third point. For example, the thing the government picks out is the second part, it's 6511 D3B. And you have to be pretty mean spirited to say, okay, we did put you within A, the ten year period. We gave you ten years to make the choice, but we're going to read D3B to be restrictive. What D3B does is simply say, you only get the benefit of the change that is the foreign tax credit. And it again uses the attributable to language. It says you have to trace that back to the original, to show that that's the source of the overpayment, only to the extent. It's not a general re-opener, which might be difficult to administer. No, we have to trace back that foreign tax as we do through the attributable to language to the end. Now, I see my red light is on. I haven't touched- Before you sit down, let me be sure I'm clear. So, in terms of, at least in the tax regime, the interplay between the regulations and the statute, we're outside of the Chevron world. No, you are not outside of the Chevron rule in this sense. If you were here, the taxpayer always has the right to challenge a regulation as unauthorized by a statute within a Chevron principle or not. The government does not have a right to renounce its own regulation. The authority for that is- Is strictly a CARTI. You could look at Singh, which is this court's case, Murillo, and we also cited Delaney. Case law driven. It is, yes, but I would say it's beyond case law, because it is so fundamental a rule. A CARTI is not like a simple case. A CARTI is a principle of law. And I don't notice that the government has attacked that point. They want to distinguish the reg. You're right on that, yes. Can you, going back to the attributable to problem for just a moment, your argument is that we should interpret that to require just simple but for causation. Can you respond to the government's argument that that creates a conflict between D3A and D2A? Well, it doesn't raise any conflict between D3A and D2A. They both use the attributable language. Well, the provision, and correct me if I'm misunderstanding, but the provision setting the statute of limitations for overpayments caused by these net operating loss carrybacks specifies three years. The provision setting the statute of limitations for overpayment caused by foreign tax payments is ten years. So in a case like yours where you're using both to go back, you have to choose between which statute of limitations should apply. So there's three answers to that. The first is they've chosen for us by the regulation. Where the regulation tells you what the answer is, that's the one that applies. Second, when there are two statute of limitations that are potentially applicable, and this is true many times in the law, the taxpayer gets to choose the one that's most favorable to them. But the third point that I would make here is you could even use the more of why they chose this statute of limitations. Like I said, they might have chosen something else in their regulation, but they didn't. The reason they chose it is because it is more specific. There are thousands and thousands of net operating losses that exist in the world that have carrybacks that have nothing at all to do with foreign taxes. That's a general rule. This is about foreign taxes, D3. And again, what you're tracing back, the specific, is the effect of the foreign tax on the initial overpayment. So it really doesn't arise out of the attributable problem. It arises out of their argument about the choice. Again, I haven't covered the attributable issue. I would ask to do that either now or in my rebuttal. But I know the rule about if they don't raise it, I don't get to raise it. But I would like to say something about it in my rebuttal, either now or then. Thank you, Mr. Ward. May it please the court, my name is Talia Kramer, I'm an assistant US attorney on behalf of the United States. The section of the code that governs taxpayer refund claims, section 6511, both the specific provision with the 10 year limitations period, section 6511 D3A, that provision read as a whole, D3A and D3B together. And 6511 D3, when read in the context of 6511 as a whole, including next to 6511 D2, which deals specifically with refunds that result from net operating loss carrybacks. Shows that 6511 D3, the 10 year period for claiming a refund in that provision is limited to foreign tax credits. Section 901 and the regulation that interprets section 901 deal with something separate. They deal with the period within which a taxpayer can decide whether or not it wants to claim the benefits of the foreign tax credit regime for a given year. And section 90- Or a deduction. Or a deduction under the IRS's regulation, and I'll walk through each of those. Section 901, the statute, deals only with credits. It says that the taxpayer's choice, section 901, correct, the statute dealing with the election period for deciding whether to claim a credit, tells taxpayers the time within which you can choose whether to claim a credit is the period prescribed by law for claiming a refund of the tax imposed for such taxable year. And that's important, it doesn't say it's the same as the period you have to claim a refund based on that foreign tax. It borrows from the limitations periods for taxpayer refund claims. It says you have to- Your position is that 6511D3A refers to credits and 6511C is deductions. Our position is that 6511D2 applies whereas here a taxpayer claims a deduction that contributes to a net operating loss. Our position is that there is not a special limitations period for deductions alone or deductions of foreign tax credits alone. And the reason for that, as we explain in our brief, is that deductions and credits function differently in terms of when the taxpayer can claim them. And as a result of that, taxpayers don't need as long of a limitations period to benefit from their foreign tax deductions the way they do from credits. I get all that, but my problem which I wish you would help me with is how to understand this per rent or claim a deduction in lieu of a foreign tax credit. Certainly, your honor. I'm not with you on that one yet. Sure, so section 901, so to start with the statute for a moment. Section 901 deals with the period to elect a foreign tax credit. It actually refers broadly to the statute that governs refund claims and tells taxpayers that it's borrowing from the statutes of limitations for refund claims. It says, such choice, whether to elect the credit, may be made or changed any time within the period prescribed for claiming a refund of the tax imposed for such taxable year. The taxpayer leaves those words out in their brief, but they're important, because there is no single period for claiming a refund of tax for a single taxable year. You have to look to section 6511 to decide which refund limitations period did section 901 borrow. And that's what the Bank of America and Hart cases dealt with. They looked at the language of section 901 and they said, okay, this tells us to borrow from the limitations period for refund claims, which- You're saying in 901A, the language, the period prescribed, that can differ depending on the circumstances. If it were read in isolation, it wouldn't necessarily be clear what it's referring to. And so that was the interpretive question that the Bank of America cases were answering. They decided that the best way to read that was that it was borrowing the ten year period in 6511 D3, and that that becomes your period to elect the foreign tax credit. And then, to turn back to the regulation, when the IRS acquiesced in those cases, it enacted the regulation 1.901-1, and it made clear that the election period that's being borrowed is 6511 D3. It also was a generous regulation to taxpayers in that even though the statute and the Bank of America cases all dealt exclusively with credits. The IRS made clear in this regulation, and we don't dispute this, that the taxpayer has ten years in which to elect either the credit or if it doesn't want the credit because the taxpayer's other option is to deduct its foreign taxes. Then the taxpayer can instead claim a deduction. But what the regulation does not say is that the taxpayer has ten years to claim a refund based on a foreign tax deduction. It also does not say the taxpayer may- What good is the election if that walks you into a tax treatment that's time barred? That doesn't seem to make a great deal of sense. So this goes back to how deductions and credits work differently. Yeah, I understand that. So because a deduction, so the purpose behind the lengthy period, the lengthy limitations period for foreign tax credits is in case a foreign jurisdiction ejects your foreign tax liability. You don't have to belabor that. Right, so if a taxpayer elects the deduction within ten years after its foreign tax liability has been adjusted, it can go ahead and claim that deduction right away in the year where the foreign tax liability is determined. And then it has the normal three year period to claim a refund based on that deduction. So if the deduction is of foreign taxes that is a new assessment of foreign tax liability, within ten years from the original tax year, it can elect the deduction and deduct the taxes in the current year. It doesn't have to go back like it does with credits. And so because of that, it can still claim that deduction in the current year, having elected it within the ten year period. And then it can go ahead and claim a refund within three years of filing that current tax return under 6511A. So they work differently. I'll also note that this wouldn't be the only case by far in which different parts of the tax code work in a way where the taxpayer might be eligible for a benefit. But another provision of the code, another limitations period, interacts with it in a way that doesn't give the taxpayer all the benefits they want. To stay within the election example and the credits example, generally taxpayers can carry back excess foreign tax credits from one year to another. So if in this case, the taxpayer had originally claimed deductions of its foreign taxes in say 1997 and 1995. And then within ten years of 1997, but more than ten years of 1995, it wanted to change its election from a deduction to a credit. It could go ahead and do that for 1997, and it would be able to claim credits in the 1997 year. But if it had excess foreign tax credits, it couldn't carry them back to 1995, because the time period to change their election for 95 would have been closed. And you can only carry credits back if you've elected credits in both years. So the limitations periods are strict. They won't always enable taxpayers to claim all the benefits that they want to claim. But in this case, there's a logic behind the reason that it works differently for deductions and credits. And the treasury regulation that does address the limitations period for refund claims, those are the treasury regulations in 6511 D3, or excuse me, it's 301.6511 D3. That regulation unambiguously is written to apply only to credits. It says that the ten year period to claim a refund claim applies when the overpayment results from a credit. And that is the relevant regulation in determining the rule for refund claims. And it is entitled to deference and has not been challenged by the taxpayer in this case. To the extent there is any ambiguity in the statutory scheme or in the word allowed, which the taxpayer has focused on in interpreting the statute, treasury regulation 301.6511 D3 should end the matter. Turning to the attributable to question for one moment, I'll note that it is enough for the taxpayer's claim to be untimely if this court agrees that 6511 D3 only applies to credits. But it is also appropriate in the context of 6511 D3 to interpret attributable to narrowly. Because 6511 is a waiver of the government's sovereign immunity, and therefore should be strictly construed. We are not asking that attributable to be read so as to always bar the taxpayer's refund claim. But simply to limit the universe of possible causes to which the refund could be attributable to, which would be consistent with that principle. I see- You don't have to reach this issue if we agree with you as to the effect or non-effect, rather, of the regulation. That's correct. If you agree that the ten year period is only available for credits, you don't have to reach that question. Thank you. Thank you. Back to question one, and if you listened closely, you heard from my colleague many good arguments why they think they should have chosen a different statute of limitation. But there is no way around the fact that they chose the statute of limitation. Which in the regulation 301.6511 D3, I mean it has the words resulting from a credit in it. 301 was the predecessor regulation that existed before the series of cases. It doesn't prohibit anything else. It is what I call a repeater regulation, which you see in the code, where they simply mimic- What are we talking about now? There's a provision of the, I'll help my colleague here, Mike. Regulation 301.6511 D3, the one that the government just relied on. Yes, they point to a regulation that's a repeater regulation of the language of the statute that predates all of this. It doesn't prohibit- The language of the regulation is, it refers to an overpayment resulting from a credit. Why is that not- It is. Determinative. Because it has nothing to do with a deduction. It doesn't cover deductions. It doesn't say only, it doesn't say exclusively, it doesn't say prohibits. It doesn't say resulting from a credit or a deduction. It says resulting from a credit. Of course, because it's covering credits. In other words, when it covers one half of the universe, that's not a prohibition or a restriction on anything else. And how do you fit the other half of the universe into the ten year statute? Through the consciously created regulation that we have been relying on and we discussed earlier with Judge Parker, which is, and you can't get around the language. They have chosen the statute of limitations for the election. They concede the point. And the statute tells you that that regulation must be the one that covers the refund. It's the only thing they can choose. And it's the only sensible choice, because how would you- Respond to the government's logic argument that the purpose of the statute, that given the different way deductions and credits work, that the purpose of the ten year period is to give credits more time. Because it can take longer to figure out the meaning of it. Yes, in the first Chicago case- It seems to make sense to me. Well, it's actually worked both ways. As the first Chicago case points out, there are many purposes for this statute. The government went in, in all these cases, and made these arguments about the purpose of the statute. It got legislative history to support it. And the court said, no, no. The purpose of the statute is multiple. So for example, we don't know, and I would say the purpose of the statute is to allow you to take the deduction. Because you don't know how your credit is going to work out for many years, because your foreign tax credit depends on how much foreign taxes you pay. There's a maximum cap. And so you have to make that judgment over time. And that's what this statute is really about, to make the choice between the deduction or the credit. And it turned out the deduction worked. Deduction turned out to be the right one. We rely on that, the regulation, as a taxpayer is allowed to do, in order to see what happened over time. So, your honor, it is correct, it does take time, but that's for both sides of the equation to work out. And let me just say something about the second argument. The basic proposition here is everybody agrees that it means generated by, direct attributable to, it means generated by or traceable to. The cases have rejected the government's position consistently. But I just want to point out that there's a reason why the cases reject that position. And we've cited three cases squarely rejecting it. The reasons are twofold. First of all, if you're timely, you get the benefits of a timely filing. The second is, these statutes are look-back statutes. They're carry-back. But the reason you have carry-back provisions is Congress has decided it is very important that when you assess what your economic circumstances for one year, you could take into account what happens in the subsequent years, and then adjust what happened earlier. And Congress is very careful. So what happened in 2002 affects what happens in 2007, because Congress wants you to be able to even out your wins, your gains, and your losses for a true picture of your economic circumstance. So the economic circumstance in 1997 is what forces us, this is all mandatory under the code, to change the way credits are handled in the prior years. All mandatory. You were required to make the change. I just thought you'd- If the government wanted, yes. I thought it was just economically advantageous to do it. Only, that's actually not correct. It was advantageous to take a deduction over the credit in 2002. That's absolutely correct. But the carry-back principles, when you do that, you have an excess in 2002. And the law tells you that if you have this excess, you must carry it back first. When you have carried it back first, the law tells you that the credit that was taken in 1997 was excessive. And you can't take it, you must take it back. And it also creates limitations. So we followed all those requirements. Which is why I say, I've heard of causation being interrupted by subsequent events. In my world, that I've always lived in, the act that causes it is the taking of the deduction in the foreign credit. But when it operates through the code, the law, I don't say you add one position or two code provisions or four code provisions. The law is a seamless thing. It is not a separate intervening event. The code directs what the result was here in the overpayment. And as I suggested earlier, I think this was conscious choices. In fact, in 2002, Congress amended the statute to allow the carry-back to be five years rather than three years. Why? To put money in, as it says in the legislative history, we're in a time of recession, we need money in the hands of taxpayers. And we should use the same principles of causation, whether they benefit the government or benefit the taxpayer. Yes, that is actually true. In the cases we've seen where attributable has been interpreted, it's usually the government pressing the point. I noticed that. Thank you both for your arguments. Very well argued. Thank you for the assistance.